# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:94-00029 |
| | ) | JUDGE ECHOLS |
| CHARLES EDWARD DAVIS | ) | |

## ORDER

Defendant Charles Edward Davis, through counsel, filed a Motion Requesting Modification Of Sentence And Request For New Sentencing Hearing Pursuant To Title 18 U.S.C. Section 3553(a) (Docket Entry No. 273), to which the Government filed a response in opposition. (Docket Entry No. 276.) A Supplement to the Presentence Report was prepared.

In November 1996, a jury found Davis guilty of possession with intent to distribute cocaine base (Count One), possession of marijuana (a lesser-included offense of Count Two), use or carrying of firearms in connection with a drug trafficking crime (Count Three), and felon in possession of firearms (Count Four). Under the Sentencing Guidelines, Counts One, Two and Four were grouped, and the base offense level was set using the highest offense level for the drug convictions.

The Presentence Report (PSR), referring to Davis's own conduct and relevant conduct, attributed to Davis a total of 56.9 grams of crack cocaine and 28.8 grams of marijuana for a total of 1,138.02 kilograms of marijuana. This drug quantity resulted in a base offense level of 32. (PSR ¶¶ 24-26.) A two-level increase was imposed for Davis's role in the offense. (PSR ¶¶ 29-30.) A two-level increase was imposed for obstruction of justice. (PSR ¶¶ 31-32.) Because Davis was convicted under § 924(c), no enhancement was imposed for possession of firearms. The adjusted offense level was 36. (PSR ¶ 33.) No reduction was given for acceptance of responsibility. Thus,

1

the total offense level remained at 36. With a criminal history category of VI, Davis faced a guideline range of 324 to 405 months. Under applicable statutes, Davis faced a mandatory minimum sentence of 5 to 40 years on Count One, a mandatory minimum sentence of 15 years on Count Four, and a consecutive sentence of 5 years on Count Three. The Court imposed a sentence of 408 months, which was comprised of 348 months on Count One, 12 months on Count Two, and 180 months on Count Four, all to be served concurrently, and 60 months on Count Three, to be served consecutively.

The Supplement to the PSR recognizes that, due to the crack cocaine guideline amendments, the base offense level drops two levels, from 32 to 30. Adding the two 2-level enhancements imposed at the original sentencing results in an adjusted offense level of 34. With no acceptance of responsibility reduction, the total offense level remains at 34. With a criminal history category of VI, the guideline range is 262 to 372 months, with an additional 60-month consecutive sentence required for the § 924(c) conviction.

Davis is now 59 years of age. During incarceration, he has participated in several educational seminars and courses including typing, stress management, algebra, computers, legal research, athletics and GED refresher. He has worked on yard detail, in office landscape, in electrical equipment repair, for UNICOR, in the recreation yard, and as an orderly. He paid his special assessment in full. In March 2000 he was cited for smoking in an unauthorized area and in August 2001 he was cited for assault without serious injury. In February 2007 he had a stroke and he is taking several medications for his various medical conditions. (Docket Entry No. 275, medical records.)

2

Case 3:94-cr-00029   Document 277   Filed 07/29/10   Page 2 of 5 PageID #: 135

Davis argues that he is entitled, at a minimum, to a sentence of 262 months. He further contends, under United States v. Booker, 543 U.S. 220 (2005), that the Court may sentence him to 240 months after considering the sentencing factors found in 18 U.S.C. § 3553(a) because such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). The Government does not object to the reduced guideline range as calculated in the Supplement to the PSR, but it does object to any sentence further lowered under Booker. The Government points out that a § 3582(c) motion is not a basis for plenary re-sentencing and courts have rejected arguments similar to Davis's.

The Government is correct that proceedings under § 3582(c) and U.S.S.G. § 1B1.10 do not constitute a full re-sentencing of the Defendant, United States v. Terrell, 345 Fed. Appx. 97, 103 (6th Cir. 2009), and the Court does not have authority when deciding a § 3582(c) motion to reduce a sentence below the amended guideline range based on Booker. Dillon v. United States, — U.S. —, 2010 WL 2400109 (U.S. June 17, 2010); United States v. Washington, 584 F.3d 693, 701 (6th Cir. 2009); United States v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007); Valentine v. United States, 488 F.3d 325, 329-330 (6th Cir. 2007) (prisoners whose sentences became final before Apprendi, Blakely and Booker may not rely on those cases on collateral review). Thus, under these cases, Davis's argument for a sentence lower than 262 months, the bottom of the amended guideline range, plus an additional five years consecutive for the § 924(c) conviction, is without merit. Accordingly,

(1) Davis's Motion Requesting Modification Of Sentence And Request For New Sentencing Hearing Pursuant To Title 18 U.S.C. Section 3553(a) (Docket Entry No. 273) is hereby GRANTED IN PART and DENIED IN PART. The request for a new sentencing hearing is hereby DENIED; however, the motion requesting modification of sentence is hereby GRANTED. The Court

3

recognizes that it has discretion under 18 U.S.C. § 3582(c) to impose an amended sentence and the Court chooses to exercise that discretion in favor of Davis. The Court has considered the sentencing factors listed in 18 U.S.C. § 3553(a) as well as public safety considerations. U.S.S.G. § 1B1.10, cmt. n.1(B). The Court recognizes that it *may* also take into account post-sentencing conduct when imposing sentence, id. n.1(B)(iii); United States v. Terrell, 345 Fed. Appx. 97, 103 (6th Cir. 2009), and the Court exercises its discretion to do so here.

Having considered the appropriate sentencing factors and Davis's post-sentencing conduct, the Court imposes a sentence of **262 months** on Count One, **12 months** on Count Two, and **180 months** on Count Four, all to be served concurrently, and **60 months** on Count Three, to be served consecutively to the concurrent sentences imposed on Counts One, Two and Four, for a total sentence of **322 months**. This is a reduction of 86 months from the original sentence of 408 months. All other aspects of Davis's sentence will remain as previously stated at the original sentencing hearing. The Court previously set forth at the original sentencing hearing and in the original written criminal judgment its evaluation of the § 3553(a) factors, the public safety considerations, and the reasons for the sentence imposed; therefore, the Court need not repeat all of those reasons in this Order. See United States v. Curry, 2010 WL 455364 at *6 (6th Cir. Feb. 10, 2010).

(2) An amended criminal judgment in accordance with this Order will be entered.

(3) Defendant's Motion For Leave Of Court To File Sealed Document (Docket Entry No. 274) is hereby GRANTED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE