IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 3:94-00029 |
| | ) | CHIEF JUDGE HAYNES |
| CHARLES EDWARD DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff's two motions for retroactive application of sentencing guidelines to crack cocaine offense under 18 U.S.C.A. § 3582, filed April 4, 2010, and October 1, 2012, respectively. (Docket Entry No. 281, 283). The Court previously granted Defendant's August 8, 2008 motion for retroactive application of sentencing guidelines to crack cocaine offense under 18 U.S.C.A. § 3582. (Docket Entry No. 273, 277).

The Defendant's August 8, 2008 motion for reduction of sentence was based on Crack Cocaine Guideline Amendments 706 and 715, which went into effect in November 2007 and May 2008, respectively. (Docket Entry No. 273, p. 1-2). In accordance with these two amendments, the Court's prior order found, based on the first supplement to the Presentence Report, that Defendant's offense level was reduced from 36 to 34. Id. Accordingly, the Court reduced Defendant's sentence original sentence of 408 months to 322 months. (Docket Entry No. 277, p. 2, 4).

The Defendant's April 4, 2010 motion for reduction of sentence cites the retroactive crack cocaine sentencing guideline amendment that went into effect November 1, 2011. (Docket Entry No. 281). Based on the Second Supplement to the Presentence Report, which incorporated the amendments from 2011, the Defendant's total offense level remains a 34. Thus, the Defendant's

April 4, 2012 motion for reduction in sentence is without merit. (Docket Entry No. 281).

The Defendant's October 1, 2012 motion for reduction of sentence cites Pepper v. United States, 131 S.Ct. 1229, 1233 (2011) that states "[p]ostsentencing rehabilitation evidence may support a downward variance from the advisory Guidelines range. The plain language of §3661 makes clear that there is '[n]o limitation...on...background, character, and conduct' information, and it makes no distinction between an initial sentencing and a subsequent resentencing." (Docket Entry No. 283).

In the previous order granting the reduction of sentence, Judge Robert Echols noted that "[t]he Court recognizes that it *may* also take into account post-sentencing conduct when imposing sentence...and the Court exercised its discretion to do so here." (Docket Entry No. 227, p. 4)(citing U.S.S.G. § 1B1.10, n.1(B)(iii); United States v. Terrell, 345 Fed. Appx. 97, 103 (6th Cir. 2009)). Terrell provided the same authority to consider post-sentence conduct in the Sixth Circuit as Pepper now provides for all federal courts. Given Judge Echols' prior consideration of the Defendant's post-sentence conduct in imposing an amended sentence under 18 U.S.C. § 3582(c)a, the Court concludes that the motion for a further reduction of sentence should be denied. For the reasons stated above, Defendant's April 4, 2012 motion for reduction in sentence is **DENIED**. (Docket Entry No. 281). (Docket Entry No. 283).

It is so **ORDERED**.

ENTERED this the 22nd day of October, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge